UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAY MILLER and  PLAINTIFFS
TIMOTHY MILLER

vs.  CIVIL ACTION NO. 3:14-CV-443-CRS

COTY, INC. and
COTY US, LLC  DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on motion *in limine* of the Defendants Coty, Inc. and Coty, US, LLC (collectively, "Coty") to exclude evidence concerning prior consumer complaints. (DN 55). Plaintiffs May Miller and Timothy Miller (collectively, "Plaintiffs") have filed an omnibus motion *in limine* (DN 56).[1] For the reasons set forth below, Coty's motion will be **granted in part** and **denied in part**. The Court likewise will **deny** Plaintiffs' sixteenth motion *in limine* to exclude evidence of the number of products sold by Coty. Plaintiffs' remaining motions *in limine* will be addressed separately.

**I. Evidence Concerning Consumer Complaints**

Coty seeks to exclude evidence concerning "consumer complaints generated by Coty with regard to the Sally Hansen Extra Strength All-Over Body Wax Kit and the Sally Hansen Lavender Wax." (DN 55, at 1). Coty argues that evidence of these consumer complaints is irrelevant because Plaintiffs "have failed their burden of establishing that those complaints are substantially similar to the underlying facts in this case." (*Id.* at 5).

---

[1] Defendants' Motion *in Limine* (DN 55) and Plaintiffs' Motions *in Limine* (DN 56) were previously administratively remanded. (DN 70). A trial date having been set, these motions are now ripe for review.

Plaintiffs concede "any complaint that does not reference an injury or any phrase or word that can be defined as referencing ones [sic] bikini, vaginal, pubic or genital area is irrelevant and inadmissible." (DN 61, at 1). However, Plaintiffs assert that certain prior complaints are admissible "demonstrate Defendants were on notice of consumers using their product in their bikini, vaginal, pubic or genital area." (DN 61, at 4).

The Sixth Circuit provides the applicable standard:

> As a threshold matter, prior accidents must be 'substantially similar' to the one at issue before they will be admitted into evidence. *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983). Substantial similarity means that the accidents must have occurred under similar circumstances or share the same cause. *See Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C. Cir.), *cert denied*, 479 U.S. 853, 107 S.Ct. 185, 93 L.Ed.2d 119 (1986) ("[e]vidence of prior instances is admissible on the issues of the existence of a design defect and a defendant's knowledge of that defect only if a plaintiff shows that the incidents 'occurred under circumstances substantially similar to those at issue in the case at bar'") (quoting *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981)) … The Plaintiff has the burden of proving the substantial similarity between prior accidents and his own. *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988).

*Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989).

In this case, May Miller sustained an injury while using a "Sally Hansen Extra Strength All-Over Body Wax Kit" ("Product"). (DN 68, at 1). Specifically, the injury occurred while Timothy Miller was waxing May's pubic area. (*Id.* at 2).

In Plaintiffs' response, Plaintiffs concede "any complaint that does not reference an injury *or* any phrase or word that can be defined as referencing ones [sic] bikini, vaginal, pubic or genital area is irrelevant and inadmissible." (DN 61, at 1) (emphasis added). Plaintiffs seem to suggest that "*any* complaint referencing torn, ripped, or lacerated skin, as well as bleeding, scabs or stitches" is "substantially similar" to the incident at issue because plaintiff "suffered a severe laceration from the use of Defendants [sic] product…" (*Id.* at 3) (emphasis added). Plaintiffs claim there are 268 complaints which are associated with "ripped, torn or lacerated skin, as well as

2

bleeding, scabs and stiches." (*Id.* at 3). Of these 268 complaints, 120 complaints are associated with the removal of the product "from the consumers' bikini, central and vaginal areas, including the vulva, labia and labia minora." (*Id.* at 3-4). To the extent Plaintiffs deem admissible and relevant prior complaints referencing torn, ripped, or lacerated skin without regard to body part, we disagree. An injury sustained while waxing a different body part – a leg or eyebrow for instance – would not have "occurred under similar circumstances" as the incident here. Consumer complaints involving an injury with no reference to the consumer's bikini, vaginal, pubic, or genital area will be excluded because they are not substantially similar and would likely result in confusion of the jury as to how that evidence should be used.

Similarly, consumer complaints with regard to the Sally Hansen Lavender Wax are not "substantially similar" to the incident in this case because those complaints involve a different product which has its own labeling and warnings. Consumer complaints regarding the Sally Hansen Lavender Wax Kit will be excluded because they are not substantially similar and would likely result in confusion of the jury as to how that evidence should be used.

Without more context, however, the Court cannot rule on the remaining prior complaints. Accordingly, Plaintiff may proffer prior complaints from (1) the Sally Hansen Extra Strength All-Over Box Wax Kit, which (2) involved an injury (3) associated with the removal of the product from the consumer's bikini, vaginal, pubic, or genital area.

## II. Evidence of the Number of Products Sold by Coty

Plaintiffs ask the Court to exclude any reference "to the number of products sold by the Defendants." (DN 56, at 6). In support of this motion, Plaintiffs rely upon Rules 401, 402, and 403 of the Federal Rules of Evidence.

In response, Coty responds that such evidence "is relevant and probative because of the minute number of alleged similar complaints, when compared to the total number of products sold, can arguably be shown to be misuse or failure to follow instructions or warnings rather than evidence of a defective or inherently dangerous product." (DN 58, at 3).

To rebut evidence of similar consumer complaints, defendants should be allowed to put on evidence of the total number of products sold during the same time as the similar consumer complaints. *See Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 518 (6th Cir. 2008) (citing *McCormick On Evidence* § 200 (where a plaintiff has presented evidence of prior accidents to the jury, "it would seem perverse to tell a jury that one or two persons beside the plaintiff tripped on defendant's stairwell while withholding from them the further information that another thousand persons descended the same stairs without incident."); 2 Wigmore, *Evidence* § 444 (Chadbourn rev. 1979) (leaving the decision whether this type of evidence is admissible to the trial judge)). Although Plaintiffs' point that "every consumer likely did not purchase the subject product exclusively for bikini waxing" (DN 66, at 2) is well taken, Plaintiffs may emphasize this weakness through cross-examination. Accordingly, Plaintiffs' motion to exclude evidence of total number of products sold by Coty will be denied. Defendants will be permitted to put on evidence of the total number of Sally Hansen Extra Strength All-Over Box Wax Kits sold during the same time as the similar consumer complaints.

## CONCLUSION

For the foregoing reasons, the Court will order the following:

1. Defendants' motion *in limine* to exclude consumer complaints (DN 55) will be **GRANTED in part** and **DENIED in part**;

2. The Court will **GRANT** Defendants' motion to the extent it seeks to exclude consumer complaints:

    a. involving an injury with no reference to the consumer's bikini, vaginal, pubic, or genital area; and

    b. regarding the Sally Hansen Lavender Wax Kit

3. The Court will **DENY** Defendants' motion with regard to the remaining consumer complaints. If Plaintiffs wish to introduce evidence of consumer complaints at trial, Plaintiffs **SHALL** proffer at least thirty (30) days prior to trial prior complaints from (1) the Sally Hansen Extra Strength All-Over Box Wax Kit, which (2) involved an injury (3) associated with the removal of the product from the consumer's bikini, vaginal, pubic, or genital area. Defendants will have seven (7) days to respond, following which the Court will evaluate whether the prior incidents are substantially similar enough to warrant admission at trial.

4. Plaintiffs' sixteenth motion *in limine* to exclude evidence of the number of total products sold by Defendants will be **DENIED.** To rebut evidence of similar consumer complaints, Defendants are permitted to put on evidence of the total number of Sally Hansen Extra Strength All-Over Box Wax Kits sold during the same time as the similar consumer complaints.

An order will be entered in accordance with this opinion.

December 12, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**